```
                                                               CLERK'S OFFICE U.S. DIST. COURT
                                                                      AT ROANOKE, VA
                                                                          FILED
         IN THE UNITED STATES DISTRICT COURT                         JAN 0 5 2007
        FOR THE WESTERN DISTRICT OF VIRGINIA                    JOHN F. CORCORAN, CLERK
                   ROANOKE DIVISION                             BY:
                                                                     DEPUTY CLERK
```

| | |
|---|---|
| STEVIE JUSTUS, ) | |
|     Plaintiffs, ) | Civil Action No. 7:06CV00753 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By: Hon. Glen E. Conrad |
| JAIL AUTHORITY, et al., ) | United States District Judge |
|     Defendants. ) | |

Stevie Justus, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority (SVRJA) and various officials employed by the SVRJA. Having reviewed the complaint, the court concludes that Justus has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Justus is presently incarcerated at the SVRJA's facility in Haysi, Virginia. On October 26, 2006, religious services were held in Justus's housing unit. Before the services began, all of the inmates in the housing unit were locked in their cells. An officer then approached the cells and asked each inmate whether he wanted to attend the services. When Justus told the officer that he did not want to attend the services, the officer advised him that he would have to remain locked in his cell for the duration of the services.

On November 20, 2006, Justus filed a request for information, in which he alleged that the

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

jail had punished him for not attending the religious services. In response, Justus was advised that "lockdown is a normal procedure" at the jail, and that "it is no different than being locked down for any other activity." On December 14, 2006, Justus filed a formal grievance regarding the issue. Justus was advised that there was nothing wrong with holding religious services in the pod, and that inmates could choose whether or not to attend the services. At some point after Justus filed the grievance, he was placed in segregation. Justus alleges that he "think[s]" he was moved because of the grievance.

Justus filed the instant action on December 26, 2006. He contends that the "lockdown [was] a violation of [his] civil rights which would include cruel and unusual punishment and discrimination."

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Justus's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named defendants.

1. Cruel and Unusual Punishment

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d

1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickland, 989 F.2d at 1379.

Applying these principles to Justus's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. While being locked in his cell during the religious services may have been restrictive and inconvenient, there is no indication that Justus suffered any adverse effects from remaining in his cell, much less any serious or significant injury. Accordingly, Justus's Eighth Amendment claim must be dismissed.

2. Discrimination

To the extent Justus's allegation of discrimination can be construed as an equal protection claim, the claim is without merit. To establish a claim for unequal treatment under the Equal Protection Clause of the Fourteenth Amendment, a prisoner "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In this case, Justus's complaint fails to demonstrate either showing. His conclusory assertion of discrimination is legally insufficient. See Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (holding that an equal protection claim based on discrimination must allege discriminatory intent with more than mere conclusory assertions). Accordingly, Justus's equal

3

protection claim must be dismissed.[2]

3. Retaliation

Justus also alleges that he "think[s]" he was moved to segregation as a result of filing a grievance. However, such a speculative and conjectural assertion fails to state a cognizable claim for retaliation. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (holding that inmates have no constitutional right to a grievance procedure and that conclusory allegations of retaliation fail to state a claim under § 1983).

**Conclusion**

For the reasons stated, the court concludes that Justus has failed to state a claim upon which relief may be granted. Thus, the court will dismiss Justus's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 5th day of January, 2007.

*[signature]*
United States District Judge

---

[2]The court notes that, even liberally construed, Justus's allegations also fail to state a separate claim under the Establishment Clause of the First Amendment, since there is no indication that he was forced, encouraged, or required to attend the religious services. See Lee v. Weisman, 505 U.S. 577, 587 (1992) (holding that the Establishment Clause "guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a [state] religion or religious faith, or tends to do so.") (internal citations omitted); Henderson v. Berge, 190 Fed. Appx. 507 (7th Cir. 2006) (holding that a prison did not violate the Establishment Clause by offering a satellite channel devoted to Christian programming, since there was no evidence that the prison forced the plaintiff to watch the programming, and inmates could simply change the channel or turn off their televisions at any time).

4